## ARLIS WILLIAMS v. STATE.

No. A-8975.   Feb. 7, 1936.
(54 Pac. [2d] 400.)

Wm. H. Lewis, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of

Oklahoma county of attempting to steal an automobile, and was sentenced to serve a term of five years in the state penitentiary.

At the time charged two police officers in a scout car saw defendant walking along the sidewalk in Oklahoma City looking into automobiles apparently to see if the ignition was locked on the various cars. The officers kept defendant under surveillance for some time. Finally he selected a Ford car parked near the curb on the side street, got into it, started the motor, and attempted to drive it out of the line of cars, but hooked the front bumper into the bumper of the car next ahead and was unable to disengage it. He got out of the car and made an unsuccessful effort to release the bumper. He then left this car and continued his search, and soon found another Ford car which he tried to enter, but as the door was locked he was unable to get into it. After some time he returned to the first car and worked diligently to release it and had the aid of a passing pedestrian, but he finally gave up, left the scene, and was arrested by the officers. Before trial complaint was lodged in the county court, and defendant was sent to the State Hospital for the Insane at Norman "for observation," where he remained six weeks. He then left the institution without leave and returned to Oklahoma City, where he was later apprehended. Before trial a claim of present insanity was interposed, a jury trial had, which returned its verdict finding defendant sane. The defense is alibi, supported only by his own testimony, with the further defense of insanity.

The contention is made that the court erred in an instruction as to punishment. By agreement the court instructed the jury orally and in doing so stated the maximum punishment for the offense is twenty years' impris-

onment, evidently having in mind the punishment f o r stealing an automobile and not an attempted stealing. The attention of the court was called to this error in stating the maximum punishment, and he immediately corrected the instruction. Counsel argue that this statement of the court misled the jury and caused them to assess a greater punishment than they otherwise would have done. We are not able to see how a mere misstatement, corrected by the court before argument began, could have misled the jury. If anything, it called their attention more particularly to the maximum punishment.

Next it is contended the punishment is excessive. It is shown both by the evidence for the state and for the defendant that he is a confirmed thief; he began stealing at an early age; spent some time at the State Training School for White Boys, at Pauls Valley; and after his discharge from that institution he was convicted of an attempt to steal an automobile and served a term in the penitentiary at Granite, from which he had been released a short time when this offense was committed. The testimony is that he is not and never was insane. The record clearly shows he knew the difference between right and wrong and understood the nature and consequences of his acts; that he completed the seventh grade at school but is deficient in mentality. He presents a condition that might well have the attention of the Legislature, if it should ever get around to establishing some separate institution for the care, confinement, and control of mentally undeveloped criminals of this type. The situation, however, is for the legislative department and not for the judicial.

The case is affirmed.

DAVENPORT and DOYLE, JJ., concur.